United States District Court
Southern District of Texas
**ENTERED**
November 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:18-145-S-1 |
| | § | |
| JOSE JOAQUIN SOTO, JR., | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Jose Joaquin Soto, Jr.'s Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). D.E. 320.

**I. BACKGROUND**

In 2020, Defendant pled guilty to smuggling goods from the United States (two counts); conspiracy to commit an offense against the United States and to defraud the United States; willfully engaging in business dealings in the shipping and transporting of firearms in interstate or foreign commerce, not being a licensed dealer; and knowingly possessing an unregistered grenade launcher. He has served 47 months (59%) of his 80-month sentence and has a projected release date, after good time credit, of April 8, 2024. Defendant now moves the Court for compassionate release because: (1) his underlying medical conditions make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison, and (2) the Bureau of Prisons is unable to keep his chronic hypertension under control. He filed an administrative request for compassionate release with the warden on May 2, 2022, but never received a response.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

1

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that*—
> *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant.** –
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after

---

      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
  The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

4

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons

##### 1. COVID-19 Concerns

Defendant is obese, hypertensive, and a former smoker. According to the Centers for Disease Control and Prevention's most recent COVID-19 risk factor list, obesity, being a former smoker, and "possibly" hypertension "can make you more likely to get very sick from COVID-19." *People with Certain Medical Conditions*, CDC (Oct. 19, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The Government has repeatedly acknowledged that an inmate who has not been offered a vaccine, who presents a condition on that list, presents an extraordinary and compelling reason allowing consideration of compassionate release. Defendant, however, received his first dose of the COVID-19 Pfizer-BioNTech vaccination on January 27, 2021, and his second dose on February 22, 2021. He also received a booster of the Moderna COVID-19 vaccine on January 19, 2022. While the vaccine is not 100% effective at preventing COVID-19 infection, it substantially

reduces the risk of serious illness or death from COVID-19, even in patients like Defendant with high-risk medical conditions.

As the Court previously recognized, "At least one court in this circuit has already denied compassionate release to a high-risk inmate with myriad underlying medical conditions who received the same vaccine, finding that 'vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection.'" *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (Rainey, J.) (denying compassionate release to defendant with underlying health conditions who had received first Pfizer vaccine dose) (quoting *United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021)). *See also United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021) (Rosenthal, Chief J.) (denying compassionate release to high-risk inmate who was offered and refused the Pfizer vaccine); *United States v. Wedding*, 2:19-CR-1693 (S.D. Tex. Apr. 8, 2021) (Ramos, J.) (denying compassionate release to defendant who developed asymptomatic COVID-19 infection three weeks after receiving second Pfizer vaccine). Because Defendant is "at little-to-no risk of severe COVID-19 [] after receiving his second Pfizer dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case." *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021).[2]

---

2. Decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release. *See, e.g.*, *United States v. Burks*, 2021 WL 1394857, at *3-4 (W.D.N.C. Apr. 13, 2021); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021); *United States v. Burks*, 2021 WL 1291935, at *2 (D. Minn. Apr. 7, 2021); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021); *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021); *United States v. Williams*, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021); *United States v. Stewart*, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Wakefield*, 2021 WL 640690, at

### 2. Uncontrolled Hypertension

Defendant further complains that BOP is unable to keep his chronic hypertension under control. He has offered evidence that he was taken to the emergency room (ER) on January 25, 2022, for hypertensive urgency, chest pain, and dizziness. D.E. 320-4, p. 115. He was discharged after two days of hospitalization but returned to the ER on January 28, 2022, after again complaining of chest pain and dizziness. He told ER staff that "he was sent to the ED for Amlodipine which works best for his [hypertension], but the prison is currently out of it. Patient reports his blood pressure is never consistent and Amlodipine has little effect, but more than other BP medication to keep his levels stable." *Id.*, p. 102. Defendant was administered nitroglycerine and Amlodipine before he was cleared for discharge the same day. His records indicated: "clinically stable no signs of endorgan damage no signs of hypertensive urgency." *Id.*, p. 105. On January 29, 2022, Defendant was evaluated by BOP Health Services. He was still hypertensive, but reported, "'The chest pain is gone.'" *Id.*, p. 40.

Defendant has offered no evidence that BOP failed to provide him with Amlodipine or other necessary medical treatment after his hospitalization in January of 2022, or that he has had any other medical emergencies since that time. To the contrary, on February 16, 2022, Defendant told his Veterans Education Transitional Services (VETS) social worker that "he was doing well and did not have any concerns or need for resources at this time." D.E. 320-4, p. 38. Chest x-rays taken on March 4, 2022, were normal and showed "[n]o radiographic evidence for an acute cardiopulmonary process." *Id.*, p. 96. His most recent medical records, dated March 17, 2022, indicate that he was prescribed Amlodipine, Hydrochlorothiazide, and Lisinopril (one tablet each

---

*3 (W.D.N.C. Feb. 18, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

per day) on January 25, 2022, and the pharmacy had dispensed 60 tablets of each medication at that time. *Id.*, pp. 85–86.

On this record, the Court finds Defendant has failed to demonstrate that his chronic hypertension constitutes an extraordinary and compelling reason warranting compassionate release.

### 3. Rehabilitative Efforts

Defendant emphasizes that he participates in the residential VETS program, received an outstanding work performance evaluation from UNICOR, and has maintained a record of clear conduct and completed numerous education courses while in custody. Defendant's efforts at rehabilitation are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

Defendant was the "boss" of a criminal conspiracy to export firearms and ammunition to drug cartels in Mexico. The offenses of conviction involved at least 87 firearms, including an unregistered grenade launcher. Based on the nature and circumstances of the offenses, the weight of the evidence, and the danger that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Accordingly, Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (D.E. 320) is **DENIED**.

It is so **ORDERED** this 7th day of November, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE